Redish v Adler (2021 NY Slip Op 03534)





Redish v Adler


2021 NY Slip Op 03534


Decided on June 03, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 03, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Oing, JJ. 


Index No. 310294/11 Appeal No. 14003-14003A&M-1202 Case No. 2020-01297 2020-02923 

[*1]Keimoneia Redish, Plaintiff-Respondent,
v
Darryl Adler, M.D., et al., Defendants-Appellants. The City of New York, New York City Housing Authority, American Medical Association, Medical Society of the State of New York, Business Council of New York State, Lawsuite Reform Alliance of New York, Building Trades Employers Association, Associated General Contractors of New York State, New York State Association for Affordable Housing, Trucking Association of New York, New York Insurance Association, Inc., MLMIC Insurance Company, NFIB Small Business Legal Center, American Trucking Associations, Inc., Coalition for Litigation Justice, Inc., American Property Casualty Insurance Association, National Association of Mutual Insurance Companies, Turner Construction Company, Skanska USA Building Inc., Gilbane Building Company, Tishman Construction Corporation and the Associated General Contractors of New York State. Amici Curiae. 


Martin Clearwater & Bell LLP, East Meadow (Gregory A. Cascino of counsel), for Darryl Adler, M.D., Richard Stumacher, M.D., and the Estate of Ronald L. Ciubotaru by the Public Administrator of Westchester County, appellants.
Garbarini & Scher, P.C., New York (William D. Buckley of counsel), for St. Barnabas Hospital, appellant.
Mauro Lilling Naparty, LLP, Woodbury (Seth M. Weinberg of counsel), for Abdurham Ahmed, M.D., appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.
James E. Johnson, Corporation Counsel, New York (Richard Dearing and Devin Slack of counsel), for the City of New York, amicus curiae.
Lisa Bova-Hiatt, New York City Housing Authority, New York, for New York City Housing Authority, amicus curiae.
Malaby & Bradley, LLC, New York (Robert C. Malaby and Maryellen Connor of counsel), Mark A. Behrens, Washington, DC (of the bar of the District of Columbia, admitted pro hac vice) and Cary Silverman, Washington, DC (of the bar of the District of Columbia, admitted pro hac vice), for American Medical Association, Medical Society of the State of New York, Business Council of New York State, Lawsuit Reform Alliance of New York, Building Trades Employers Association, Associated General Contractors of New York State, New York State Association for Affordable Housing, Trucking Association of New York, New York Insurance Association, Inc., MLMIC Insurance Company, NFIB Small Business Legal Center, American Trucking Associations, Inc., Coalition for Litigation Justice, Inc., American Property Casualty Insurance Association and National Association of Mutual Insurance Companies, amici curiae.
Cullen and Dykman, LLP, New York (Adrienne Yaron, Olivia M. Gross, John Sparling, Christopher E. Ruggiero and Michael E. Joseph of counsel), for Turner Construction Company, Skanska USA Building Inc., Gilbane Building Company, Tishman Construction Corporation and The Associated General Contractors of New York State, amici curiae.



Judgment, Supreme Court, Bronx County (Joseph E. Capella), entered January 23, 2020, after a jury trial, inter alia, awarding plaintiff $7 million for past pain and suffering and $23 million for future pain and suffering, upon plaintiff's stipulation to reduce the jury awards for these damages, and bringing up for review an order, same court and Justice, entered on or about November 27, 2019, which denied the doctor defendants' motions to set aside the verdict, and denied defendant St. Barnabas Hospital's motion for a collateral source hearing and granted its motion for common-law indemnification by the Adler defendants, unanimously modified, on the law and the facts, to grant St. Barnabas Hospital's motion for a collateral source hearing, and to vacate the awards for past and future pain and suffering and direct a new trial of those damages unless plaintiff stipulates, within 30 days of entry of this order, to reduce the award for past pain and suffering from $7 million to $3 million and from $23 million for future pain and suffering to $7 million, and otherwise affirmed, without costs. Appeal from aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The jury verdict that the doctor defendants departed from good and accepted medical practice in their treatment of plaintiff after she was admitted to the hospital for an asthma attack and that their departures were a substantial factor in causing her brain injury was supported by legally sufficient evidence and was not against the weight of the evidence (see generally Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]). Plaintiff's expert testified that the doctors committed multiple departures from accepted practice in their treatment of plaintiff and failed to appropriately treat her fluid overload, kidney failure, acidosis, and hypercapnia, which were substantial factors in causing cerebral edema and seizures, leading to permanent brain injury.
We find that the reduced award of $30 million for past and future pain and suffering deviates materially from reasonable compensation to the extent indicated (CPLR 5501[c]; compare Angamarca v New York City Partnership Hous. Dev. Fund Inc., 87 AD3d 206 [1st Dept 2011], appeal withdrawn 18 NY3d 856 [2011]; Paek v City of New York, 28 AD3d 207 [1st Dept 2006], lv denied 8 NY3d 805 [2007]).
St. Barnabas demonstrated its entitlement to a collateral source hearing by showing with "reasonable certainty" that medical expenses were or will be replaced, in whole or in part, from a collateral source (CPLR 4545[a]). In light of the court's prior order dismissing all direct claims against it, St. Barnabas Hospital is entitled to common-law indemnification.
We have considered defendants' remaining contentions and find them unavailing.
M-1202— Keimoneia Redish v Darryl Adler et al.
Motion granted and brief deemed filed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT[*2].
ENTERED: June 3, 2021